IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF VIRGINIA

Richmond Division

LINWOOD S. HASKINS, SR.,
    Plaintiff,

v.                                                                        Civil No. 3:22cv456 (DJN)

COMMONWEALTH OF VIRGINIA
DEPARTMENT OF SOCIAL
SERVICES, DIVISION OF CHILD
SUPPORT ENFORCEMENT, *et al.*,
    Defendants.

**MEMORANDUM OPINION**

This matter comes before the Court on Defendants' Motion to Dismiss Plaintiff's Amended Complaint pursuant to Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6). (ECF No. 11.) For the foregoing reasons, the Court will grant Defendants' Motion and dismiss this case.

**I.    BACKGROUND**

Plaintiff, proceeding *pro se* and *in forma pauperis*, filed his Amended Complaint on September 6, 2022. (Amend. Compl. (ECF No. 6).) Plaintiff sues the Virginia Department of Social Services Division of Child Support Enforcement ("VDSS"), Assistant Attorney General Corey Poindexter and two VDSS employees, Tony Nelson and Stephanie Smith. (Amend. Compl. at 2, 4–5.) Although Plaintiff's Amended Complaint is often disorganized and exceedingly difficult to follow, Plaintiff asserts the following claims:[1] (1) criminal contempt, (2) fraud under the False Claims Act ("FCA"), (3) federal grand larceny and (4) deprivation of

---

[1]     The Court construes Plaintiff to assert each claim against all named Defendants.

property and interest in violation of the Fifth and Fourteenth Amendments. (Amend. Compl. at 7–8.)

Defendants jointly moved to dismiss on September 30, 2022. (ECF No. 11.) Plaintiff responded on October 21, 2022, (ECF Nos. 13, 14), and Defendants replied on October 27, 2022, (ECF No. 15).[2] Accordingly, Defendants' Motion to Dismiss is now ripe for review.

Plaintiff proceeds *pro se*, and the Court thus affords his Amended Complaint a liberal construction. *Laber v. Harvey*, 438 F.3d 404, 413 n.3 (4th Cir. 2006) (citing *Hemphill v. Melton*, 551 F.2d 589, 590–91 (4th Cir. 1977)). A plaintiff's *pro se* status does not excuse a clear failure to allege a federally cognizable claim, however. *See Weller v. Dep't of Soc. Servs.*, 901 F.2d 387, 390–91 (4th Cir. 1990) (affirming dismissal of certain claims brought by *pro se* plaintiff despite liberal construction). As the Fourth Circuit has explained, "[t]hough [*pro se*] litigants cannot, of course, be expected to frame legal issues with the clarity and precision ideally evident in the work of those trained in law, neither can district courts be required to conjure up and decide issues never fairly presented to them." *Beaudett v. City of Hampton*, 775 F.2d 1274, 1276 (4th Cir. 1985).

In deciding a motion to dismiss pursuant to Rule 12(b)(6), the Court must accept a plaintiff's well-pleaded factual allegations as true. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

---

[2] Without seeking the Court's leave to do so, Plaintiff also filed two Supplemental Responses to Defendants' Motion to Dismiss on November 9, 2022. (ECF Nos. 17, 18.) Plaintiff may not expand his Amended Complaint via these pleadings, and the Court need not consider their contents in resolving Defendants' Motion2 to Dismiss. "It is well-established that [a party] cannot amend [his] complaint through briefing or oral advocacy." *S. Walk at Broadlands Homeowner's Ass'n, Inc. v. OpenBand at Broadlands, LLC*, 713 F.3d 175, 184 (4th Cir. 2013) (citation omitted). In acknowledgment of Plaintiff's *pro se* status, however, the Court has reviewed these filings. Because the Court finds that Plaintiff's Supplemental Responses do not otherwise present any grounds upon which Plaintiff is entitled to relief, the Court will not address these pleadings further.

However, this principal does not apply to legal conclusions. *Id.* With these principles in mind, the Court accepts the following facts.

### A. Factual Background

This case centers on three child support orders entered against Plaintiff in 1987 and 1990. On July 30, 1987, the Petersburg Juvenile and Domestic Relations District Court ordered Plaintiff to pay child support under Case No. 194968. (Amend. Compl. at 10; *see also* ECF No. 3-1, at 7.)[3] In the months that followed, Plaintiff failed to make some or all of his required payments, resulting in arrears of $24,960.42. (ECF No. 3-1, at 7.) At some, unspecified date, a Virginia Court reopened Plaintiff's case in order to calculate arrears and interest, and in 2009, the VDSS began garnishing Plaintiff's Social Security benefits to pay off his outstanding balance. (Amend. Compl. at 10.)

Similarly, on January 17, 1990, a Juvenile and Domestic Relations District Court[4] ordered Plaintiff to pay child support under Case Nos. 198185 and 209380. (Amend. Compl. at 10.) As with Case No. 194968, the VDSS later began garnishing Plaintiff's Social Security benefits to pay off the outstanding arrears related to these cases.[5] (Amend. Compl. at 10–11.)

---

[3] On July 19, 2022, Plaintiff filed a Particularized Complaint and several corresponding exhibits. (ECF No. 3; ECF No. 3-1.) When Plaintiff amended his Complaint on September 6, 2022, Plaintiff failed to attach the previous exhibits to his Amended Complaint. In deference to Plaintiff's *pro se* status, and because Plaintiff's Amended Complaint otherwise fails to provide the Court with even a vague understanding of the facts giving rise to his claims, the Court has considered these exhibits in resolving Defendants' Motion to Dismiss.

[4] Plaintiff fails to specify which Court issued these orders.

[5] Plaintiff asserts that "Case [No.] 198185 stopped in 2013, reopened for interest sought . . . on May 24, 2021 and [is] still ongoing." (Amend. Compl. at 10.)

B.  **Plaintiff's Complaint**

Plaintiff asserts that his three child support cases are "terminated," "unenforceable" and "void" pursuant to Va. Code § 8.01-251(A) and *Adcock v. Commonwealth*, 282 Va. 383 (2011). (*See* Amend. Compl. at 3, 5, 6, 9, 12.) Specifically, Plaintiff concludes that each case "terminated by operation of law" twenty years after it was opened.[6] (Amend. Compl. at 10.)

---

[6] The Court notes that Plaintiff's assertions appear to rest on a misreading of *Adcock v. Commonwealth*, 282 Va. 383 (2011). On October 20, 1966, the Corporate Court of the City of Alexandria ordered Edward Adcock to pay $30.00 per week in child support pursuant to a final divorce decree. *Id.* at 386. Under the decree, Adcock's support obligation would continue until "the parties three minor children reached majority [or] became emancipated." *Id.* Adcock's support obligation ended on June 24, 1982, with the emancipation of his youngest child. *Id.* at 306. However, between 1967 and 1982, Adcock repeatedly failed to make support payments. *Id.*

In 2008, the Department of Social Services moved the Alexandria Circuit Court to re-open Adcock's divorce, establish Adcock's "arrearage and interest, and set a payment plan." *Id.* In response, Adcock argued that Va. Code. § 8.01-251(A)'s twenty-year statute of limitations barred "enforcement of the 1966 child support order, because the unpaid child support installments . . . became judgments as a matter of law more than [twenty] years before the . . . proceeding to collect those arrears." *Id.* at 386–87.

The Supreme Court of Virginia agreed and held that "each installment payment ordered by the court in its [1966] decree became a judgment *on the date such payment was due if it was not paid*." *Id.* at 390 (emphasis added). Because "the youngest child for whom Adcock owed support reached the age of [eighteen] on June 24, 1982," "all support obligations ordered by the divorce decree became due and . . . thus created judgments on or before that date." *Id.* at 390–91. Accordingly, every installment judgment related to the 1966 support order terminated on or before June 24, 2002, at the end of the last possible twenty-year limitations period, and thus Va. Code §8.01-251(A) barred the Department's 2008 enforcement efforts. *Id.* at 391.

Accordingly, Plaintiff's assertion that his three support cases terminated twenty years from the date they were opened is without merit. Rather, each individual installment became a judgment on the date that Plaintiff failed to pay it and, absent further order of the court, terminated twenty years thereafter. *See also* Va. Code § 16.1-278.15(C) ("In any determination of support obligation under this section, the support obligation as it becomes due and unpaid creates a judgment by operation of law."). In any event, insomuch as Plaintiff seeks to challenge state court judgments against him via the federal courts, (*see* Amend. Compl. at 9 (asserting that "Plaintiff is entitled to [r]elief from [j]udgement #198185T)), the Court lacks jurisdiction to consider such a claim pursuant to the *Rooker-Feldman* doctrine. *See Am. Reliable Ins. Co. v. Stillwell*, 336 F.3d 311, 316 (4th Cir. 2003) (quoting *Johnson v. De Grandy*, 512 U.S. 997, 1005–06 (1994)) ("Under the Rooker-Feldman doctrine, a 'party losing in state court is barred from seeking what in substance would be appellate review of the state judgment in a United States district court.'").

Accordingly, he contends that Defendants have "abused their positions and power" and acted "in contempt of the Supreme Court of Virginia" by continuing to seek payment of Plaintiff's arrears and interest. (Amend. Compl. at 7, 11–12.) Plaintiff further asserts that Defendants' actions constitute fraud under the FCA and "federal grand larceny." (Amend. Compl. at 7.) Finally, Plaintiff claims that Defendants have deprived him of property without due process of law in violation of his Fifth and Fourteenth Amendment rights. (Amend. Compl. 8.)

Plaintiff seeks $120,000 in compensation, plus punitive damages. (Amend. Compl. at 12.)

### C. Defendants' Motion to Dismiss

Defendants move to dismiss Plaintiff's Complaint pursuant to Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6). (ECF No. 11.) Defendants present a laundry list of reasons why Plaintiff's claims must fail. As relevant for purposes of this Opinion, Defendants first assert that Plaintiff lacks standing to sue under the FCA or bring civil claims for alleged violations of criminal laws. (Memorandum in Support of Defendants' Motion to Dismiss ("Def. Memo.") (ECF No. 12) at 6–7.) Second, Defendants argues that Plaintiff's Amended Complaint fails to state any claim upon which this Court can grant relief.[7] (Def. Memo. at 8–13.) As discussed below, the Court agrees.

## II. STANDARD OF REVIEW

A motion made pursuant to Federal Rule of Civil Procedure 12(b)(1) challenges the court's jurisdiction over the subject matter of the complaint. A defendant moving for dismissal

---

[7] Defendants also argue that (1) the FCA does not authorize lawsuits against the Commonwealth, (2) Eleventh Amendment immunity bars Plaintiff's criminal and § 1983 claims against the Commonwealth, (3) Plaintiff's § 1983 and FCA claims are untimely and (4) Defendants Poindexter, Nelson and Smith are entitled to qualified immunity. (Def. Memo. at 5, 7–8, 13–14.) Because the Court finds that Plaintiff's Amended Complaint scarcely presents any discernible claims, it declines to address these arguments.

for lack of subject matter jurisdiction may either attack the complaint on its face, asserting that the complaint "fails to allege facts upon which subject matter jurisdiction can be based," or may attack "the existence of subject matter jurisdiction in fact, quite apart from any pleadings." *White v. CMA Const. Co., Inc.*, 947 F. Supp. 231, 233 (E.D. Va. 1996) (internal citations omitted). In either case, the plaintiff bears the burden of proof to establish jurisdiction. *Richmond, Fredericksburg & Potomac R. Co. v. United States*, 945 F.2d 765, 768 (4th Cir. 1991). The Court must dismiss an action if it determines that it lacks subject matter jurisdiction. Fed. R. Civ. P. 12(h)(3).

By comparison, a motion to dismiss pursuant to Rule 12(b)(6) tests the sufficiency of a complaint or counterclaim; it does not serve as the means by which a court will resolve contests surrounding the facts, determine the merits of a claim or address potential defenses. *Republican Party of N.C. v. Martin*, 980 F.2d 943, 952 (4th Cir. 1992). In considering a motion to dismiss, the Court will accept a plaintiff's well-pleaded allegations as true and view the facts in a light most favorable to the plaintiff. *Mylan Labs., Inc. v. Matkari*, 7 F.3d 1130, 1134 (4th Cir. 1993). However, "the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions." *Iqbal*, 556 U.S. at 678.

Under the Federal Rules of Civil Procedure, a complaint must state facts sufficient to "'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests[.]'" *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)). As the Supreme Court explained in *Twombly*, a complaint must state "more than labels and conclusions" or a "formulaic recitation of the elements of a cause of action," though the law does not require "detailed factual allegations." *Id.* (citations omitted). Ultimately, the "[f]actual allegations must be enough to raise a right to relief above the speculative level," rendering the

right "plausible on its face" rather than merely "conceivable." *Id.* at 555, 570. Thus, to survive a 12(b)(6) motion, a complaint must assert facts that are more than "merely consistent with" the other party's liability. *Id.* at 557. The facts alleged must be sufficient to "state all the elements of [any] claim[s]." *Bass v. E.I. Dupont de Nemours & Co.*, 324 F.3d 761, 765 (4th Cir. 2003) (citing *Dickson v. Microsoft Corp.*, 309 F.3d 193, 213 (4th Cir. 2002) and *Iodice v. United States*, 289 F.3d 270, 281 (4th Cir. 2002)). Finally, as relevant here, the Court may "consider matters of public record such as documents from prior state court proceedings in conjunction with a Rule 12(b)(6) motion." *Walker v. Kelly*, 589 F.3d 127, 139 (4th Cir. 2009).

### III. ANALYSIS

#### A. Plaintiff May Not Prosecute Criminal Contempt or Federal Grand Larceny Through a Private Civil Action (Claims One and Three)

In Claim One, Plaintiff asserts that Defendants committed criminal contempt by enforcing various child support orders against him and garnishing his Social Security benefits in contempt of a Virginia Supreme Court case involving facts similar to his. (Amend. Compl. at 7 (citing 18 U.S.C. § 3285 (criminal contempt)).) In Claim Three, Plaintiff concludes that Defendants committed "federal grand larceny." (Amend. Compl. at 7.) Both claims lack merit.

"A private person may not initiate a criminal action in the federal courts." *Ras-Selah: 7 Tafari: El v. Glasser and Glasser PLC*, 434 F. App'x 236, 236 (4th Cir. 2011) (per curiam) (citing *Linda R.S. v. Richard D.*, 410 U.S. 614, 619 (1973) ("[A] private citizen lacks a judicially cognizable interest in the prosecution or nonprosecution of another.")); *Conn. Action Now, Inc. v. Roberts Plating Co.*, 457 F.2d 81, 86–87 (2d Cir. 1972) ("It is a truism . . . that in our federal system crimes are always prosecuted by the Federal Government[.]")). Plaintiff fails to assert, and the Court fails to identify, any legal basis supporting his claims for either criminal

7

contempt or grand larceny. Accordingly, Plaintiff fails to plead a claim upon which the Court may grant relief, and Claims One and Three shall be dismissed with prejudice.

### B. No Private Right of Action Exists for *Pro Se* Plaintiffs Under the False Claims Act (Claim Two)

In Court Two, Plaintiff asserts that the Defendants committed "fraud" in violation of the False Claims Act. (Amend. Compl. at 7 (citing 31 U.S.C. § 3279).) Plaintiff's FCA claim cannot proceed, however, because no private right of action exists for *pro se* plaintiffs under the FCA. *See U.S. ex rel. Brooks v. Lockheed Martin Corp.*, 237 F. App'x 802, 803 (4th Cir. 2007).

> The False Claims Act contemplates two types of actions. First, under [31 U.S.C.] § 3730(a), "[i]f the Attorney General finds that a person has violated or is violating section 3729, the Attorney General may bring a civil action under this section against the person." Second, under § 3730(b), "[a] person may bring an action for a violation of section 3729 for the person and for the United States Government." *Rockwell Int'l Corp v. United States*, 549 U.S. 457, 477 (2007). Because a private claim is also brought on behalf of the United States, a plaintiff who is proceeding *pro se*, may not assert such a claim and must be represented by counsel. *See Hamilton v. N. Va. Dist. Off.*, 2021 WL 3417962, at *3 (E.D. Va. Aug. 4, 2021) ("[A] private right of action does not exist for *pro* se plaintiffs under the False Claims Act.") (citing *U.S. ex rel. Brooks v. Lockheed Martin Corp.*, 237 F. App'x 802, 803 (4th Cir. 2007).

*Woolens v. Ruckle/Cliborne*, 2022 WL 1112225, at *4 (E.D. N.C. Mar. 24, 2022); *see also U.S. ex rel. Brooks*, 237 F. App'x at 803 ("A lay person may not bring a *qui tam* action under the False Claims Act."). Accordingly, Plaintiff's FCA fraud claim will be dismissed prejudice.[8]

---

[8] The Court further notes that Plaintiff's conclusory allegations of fraud fall far short of the heightened pleading standard required by Federal Rule of Civil Procedure 9(b). *See Harrison v. Westinghouse Savannah River Co.*, 176 F.3d 776, 783–84 (4th Cir. 1999) (describing "the circumstances required to be pled with particularity under Rule 9(b)" as "the time, place, and contents of the false representations, as well as the identity of the person making the misrepresentation and what he obtained thereby") (internal quotations omitted).

### C. Plaintiff Fails to State a Claim Under § 1983 (Claim Four)

In Claim Four, Plaintiff asserts that Defendants deprived him of property without due process of law in violation of the Fifth and Fourteenth Amendments.[9] (Amend. Compl. at 8.) The Court construes Plaintiff to bring a procedural due process claim under 42 U.S.C. § 1983.

Section 1983 provides, in pertinent part:

> Every person who, under color of any statute ... of any State ... subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law ....

42 U.S.C. § 1983. Accordingly, to prevail on a § 1983 claim, Plaintiff "must show that (1) [he was] deprived of a federal statutory or constitutional right; and (2) the deprivation was committed under color of state law." *Lytle v. Doyle*, 326 F.3d 463, 471 (4th Cir. 2003). Although Plaintiff conclusively asserts that he was deprived of property without due process of law, he fails to explain *how* Defendants violated his rights or allege sufficient facts to satisfy the elements of his claim. *See Bass*, 324 F.3d 765.

To survive Defendants' Motion to Dismiss, Plaintiff must plausibly allege facts which "demonstrate '(1) that [he] had a property interest; (2) of which [the Defendants] deprived [him]; (3) without due process of law.'" *Evans v. Perry*, 578 F. App'x 229, 232 (4th Cir. 2014) (quoting *Tri County Paving, Inc. v. Ashe County*, 281 F.3d 430, 436 (4th Cir. 2002)). The Court begins by determining whether Plaintiff has identified a constitutionally protected property or

---

[9] Plaintiff also makes passing mention of the Equal Protection Clause and the Seventh Amendment. (Amend. Compl. at 8.) Plaintiff provides no explanation for how any of the Defendants deprived him of equal protection and fails to articulate what, if any, claim he intends to make under the Seventh Amendment. Thus, this Court may not "conjure up and decide" such claims for him. *Beaudett*, 775 F.2d at 1276.

liberty interest. *Id.* (quoting *Smith v. Org. of Foster Families for Equal. & Reform*, 431 U.S. 816, 841 (1977)).

Plaintiff asserts that Defendants illegally garnished his Social Security benefits. The Court accepts that Plaintiff's Social Security benefits constitute a constitutionally protected property interest. *Cf. Matthews v. Eldridge*, 424 U.S. 319, 332 (1976) (concluding that continued receipt of Social Security disability benefits "is a statutorily created property interest protected by the Fifth Amendment" (internal quotation omitted); *see also Harris v. Bailey*, 574 F. Supp. 966, 968 (W.D. Va. 1983) ("No one disputes that [Plaintiff] had the type of property interest in the Social Security benefits that must be afforded the protection of due process of law."). Turning to the second and third prongs, however, the Court finds that Plaintiff's threadbare Amended Complaint fails to identify any specific actions taken by Defendants which unlawfully deprived him of property. Furthermore, Plaintiff wholly fails to identify any process which he was due but did not receive.[10] To the contrary, Plaintiff concedes that was afforded several in-court proceedings related to his child support arrears in 2010 and 2016. (Amend. Compl. at 3; *see also* ECF No. 12-1 (noting Plaintiff's appearance at these hearings).) Therefore, Plaintiff fails to state a plausible due process claim, and Claim Four shall be dismissed with prejudice.[11]

---

[10] "Due process of law generally requires notice and an opportunity to be heard." *Evans*, 578 F. App'x at 232 (citing *Tri County Paving*, 281 F.3d at 436).

[11] Upon due consideration, the Court finds that dismissal with prejudice of Plaintiff's claims is warranted, because the Court previously allowed Plaintiff two opportunities to amend his complaint in conformance with Federal Rule of Civil Procedure 8. (*See* ECF No. 2 (providing Plaintiff with clear instructions for amendment and warning him that failure to comply would result in dismissal of the case); ECF No. 5 (granting Plaintiff leave to further amend).) Plaintiff has shown neither the desire nor the ability to comply with the low bar of Rule 8 or this Court's orders. Accordingly, the Court finds that allowing him yet another opportunity to do so would needlessly burden both Defendants and the Court.

## IV. CONCLUSION

Because Plaintiff's Amended Complaint fails to plead any claims upon which this Court could grant relief, the Court will grant Defendants' Motion to Dismiss. (ECF No. 11.)

An appropriate order will issue.

Let the Clerk file a copy of this Order electronically and forward a copy to Plaintiff at his address of record.

It is so ORDERED.

_____/s/_____
David J. Novak
United States District Judge

Richmond, Virginia
Date: December 9, 2022